

                      **U.S. Department of Justice**
                      Civil Division

Tel: 202-514-1673

September 17, 2025

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Novedades y Servicios v. FinCEN*, No. 25-4238

Dear Ms. Dwyer:

      Pursuant to Federal Rule of Appellate Procedure 28(j), the government responds to plaintiffs-appellees' September 12, 2025 letter.

      As plaintiffs note, on September 10, 2025, following the expiration of the order at issue in this litigation, the U.S. Department of the Treasury's Financial Crimes Enforcement Network ("FinCEN") issued a new geographic targeting order. The new order imposes identity-verification and reporting requirements similar to those imposed by the expired order, but sets a reporting threshold of $1,000 (rather than $200) and extends the requirements to two Arizona counties and certain other areas in Texas in addition to the California and Texas ZIP codes previously covered by the expired order. *See* Ex. 2 to Ltr., Pts. II.A.2, II.A.3.

      The government agrees that this appeal remains live. As will be explained in greater detail in the government's forthcoming reply brief, the underlying dispute is capable of repetition yet evading review. *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 858 (9th Cir. 2022) (six-month duration of order insufficient for full appellate review).

The government disagrees, however, that the district court's preliminary injunction applies to the new order, which is a distinct action. By its terms, the injunction bars enforcement only of the now-expired order. ER-7 (defining "SWB GTO" as the March 2025 Southwest Border Geographic Targeting Order); ER-54-55 (enjoining defendants "from enforcing … the SWB GTO, as it applies to all covered businesses, as defined by the SWB GTO, that are located in the Southern District of California." (emphasis omitted) (capitalization altered)). The district court's reasoning also does not apply in the same way to the new order, which is materially different in scope and effect. Although the new order exempts "any money services business to which the government is enjoined by court order from applying the" expired order "for the period during which an applicable injunction remains in force," that is not because those requirements are enjoined by virtue of the district court's prior injunction, but instead because the agency has exercised its discretion to exempt them for that period. *See* 31 U.S.C. § 5326(a).

Sincerely,

*/s/ Simon G. Jerome*
Simon G. Jerome

cc: all counsel (by ACMS)